A CERTIFIED TRUE COPY

ATTEST

By Denise Morgan-Stone on Aug 07, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Aug 07, 2008**

**FILED
CLERK'S OFFICE**

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: COUNTRYWIDE FINANCIAL CORP.
MORTGAGE LENDING PRACTICES LITIGATION          MDL No. 1974

### TRANSFER ORDER

**Before the entire Panel***: Plaintiffs in the District of Massachusetts action have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of Massachusetts. Plaintiffs in the remaining two actions agree that centralization is appropriate, but suggest centralization in either the Central District of California or Northern District of Illinois. The Countrywide affiliated defendants[1] oppose the motion; if the Panel deems centralization appropriate, they support centralization in the Central District of California.

This litigation presently consists of three actions listed on Schedule A and pending in three districts as follows: one action each in the Central District of California, the Northern District of Illinois and the District of Massachusetts.

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Western District of Kentucky will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to whether Countrywide engaged in discriminatory residential lending practices, including the imposition of discretionary fees/charges, which increased the cost of financing and resulted in higher loans for minority borrowers than similarly situated non-minority borrowers. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary.

Given that this litigation involves three purported nationwide class actions, many districts would be an appropriate transferee forum. Accordingly, we have selected the Western District of Kentucky, where Judge John G. Heyburn II can guide this litigation ably.

---

* Judge Heyburn took no part in the disposition of this matter.

[1] Countrywide Financial Corp.; Countrywide Home Loans, Inc.; and Countrywide Bank, FSB (collectively Countrywide).

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Western District of Kentucky and, with the consent of that court, assigned to the Honorable John G. Heyburn II for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

J. Frederick Motz
Acting Chairman

John G. Heyburn II, Chairman*        Robert L. Miller, Jr.
Kathryn H. Vratil                    David R. Hansen